IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LSF7 NPL V TRUST and<br>LSF7 BERMUDA NPL V TRUST,<br>　　Plaintiffs<br><br>VS.<br><br>FLAGSTAR BANK, FSB<br>　　Defendant | § § § § § § § § § | Civil Action No. _____ |

## DEFENDANT FLAGSTAR BANK, F.S.B.'S NOTICE OF REMOVAL

Defendant Flagstar Bank, F.S.B. (**"Defendant"** or **"Flagstar"**), through undersigned counsel, hereby removes this case from the 191st Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division. Flagstar denies the allegations in the Original Petition and the damages claimed therein, and files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court.

## INTRODUCTION

1.　　Plaintiffs LSF7 NPL V Trust and LSF7 Bermuda NPL V Trust (**"Plaintiffs"**) commenced this action by filing an Original Petition, Cause No. DC-12-04607, in the 191st Judicial District Court, Dallas County, Texas (the **"State Action"**). (*See* Exhibit "C-1"). Flagstar filed an answer to Plaintiffs' Original Petition on May 21, 2012. *See* Exhibit "C-2".

2.　　Pursuant to 28 U.S.C. § 1446(b) of the Federal Rules of Civil Procedure, this Notice of Removal is timely filed within thirty days of Flagstar's first receipt of the initial state court pleading.

## PLEADINGS AND NOTICE TO STATE COURT

3. True and correct copies of all process and pleadings in the State Court Action are being filed along with this Notice of Removal. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal is being served on Plaintiffs and filed with the 191st Judicial District Court of Dallas County, Texas.

## STATEMENT OF STATUTORY BASIS FOR JURISDICTION AND VENUE

4. This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. §1332(a)(1). That statute provides, in pertinent part, that "[t]he district courts shall have the original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the State Court Action has been pending is located in this district. As discussed in detail below, this action satisfies the statutory requirements for diversity of citizenship jurisdiction.

### A. Citizenship of the Parties

5. This civil action involves a controversy between citizens of different states. According to Plaintiffs' Petition, Plaintiffs are Delaware Statutory Trusts. (Exhibit "C-1" at ¶1).

6. Flagstar is a federal savings bank. When "determining whether a Federal court has diversity jurisdiction over a case in which a Federal savings association is a party, the Federal savings association shall be considered to be a citizen only of the State in which such savings association has its home office." 12 U.S.C. § 1464(x) (2006). Flagstar maintains its home office in Michigan, and is, thus, a citizen of Michigan for diversity purposes. Accordingly,

complete diversity exists among the parties to this controversy. *See Cantor v. Wachovia Mortg., FSB*, 641 F. Supp. 2d 602, 613 (N.D. Tex. 2009) (applying the statute).

B. **Amount in Controversy**

7.  This case places an amount in controversy that far exceeds the $75,000 threshold. The Original Petition purports to state causes of action based on a Mortgage Loan Purchase and Warranties Agreement ("MLP") dated November 1, 2010. Specifically, Plaintiffs seek repurchase or money damages for alleged contractual breaches pertaining to more than 170 loans purchased from Flagstar under the MLP.

8.  Plaintiff does not limit in any manner the amount of damages sought in this matter. (See Exhibit "C-1"). Attached to Plaintiffs' Petition as Exhibit "A" is a document that Plaintiffs allege to be a true and correct copy of the MLP that forms the basis of their claims. Attached to Plaintiffs' version of the MLP is Exhibit "B", which Plaintiffs allege is the Mortgage Loan Schedule which includes the loans at issue. That document, according to Plaintiffs, includes the then current balance of the loans made the basis of Plaintiffs' claims. A review of the MLP reveals that the loan balances and "Purchase Price" are directly relevant to the "Repurchase Price" that is purportedly sought by Plaintiffs. (See Exhibit "C-1" – Petition with MLP and alleged Exhibit B to MLP, p. 4). The MLP, when read in conjunction with Plaintiffs' allegations, reveals that it is facially apparent that the amount in controversy is well in excess of $75,000.[1] See *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *White v. FCI U.S.A., Inc.*, 319 F.3d 672, 674-675 (5th Cir. 2003).

9.  Additionally, the Court may consider attorney's fees when determining the amount in controversy. *White*, 319 F.3d at 674-675. As set forth in Plaintiffs' Original Petition,

---

[1] Exhibit "A" to Plaintiffs' Petition was filed separately in State Court but has been attached hereto as one document along with the Petition for purposes of economy and because that was Plaintiffs' stated intent.

Plaintiffs seek to recover attorneys' fees in addition to the claim for damages. (*See* Exhibit "C-1" at ¶28-29). Accordingly, it is apparent from the Petition that the jurisdictional threshold is satisfied.

10. An index of all records and proceedings from the State Court, including each document filed in the State Court Suit, is attached as Exhibit A, as required by 28 U.S.C. § 1446(a). A list of all counsel of record is attached at Exhibit B.

### JURY DEMAND

11. Defendant has requested a trial by jury in the State Court Suit.

### CONCLUSION

12. For the foregoing reasons, Flagstar Bank, F.S.B. asks the Court to remove this suit to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

By: /s/ Michael F. Hord Jr.
Michael F. Hord Jr.
State Bar No. 00784294
Federal I.D. No. 16035
HIRSCH & WESTHEIMER, P.C.
700 Louisiana, Suite 2550
Houston, Texas 77002-2772
Tel: 713-220-9182 / Fax: 713-223-9319
Email: mhord@hirschwest.com

**COUNSEL FOR DEFENDANT FLAGSTAR BANK, FSB**

-And-

By: /s/ Olyn Poole
Olyn Poole
State Bar No.: 24037292
THE POOLE LAW FIRM
101 Summit Avenue, Suite 406
Fort Worth, Texas 76102
Tel: 817-348-9060 / Fax: 817-348-9070
Email: olyn@poole-law.com

**LOCAL COUNSEL FOR DEFENDANT FLAGSTAR BANK, FSB**

### CERTIFICATE OF SERVICE

I hereby certify that on this the 22nd day of May, 2012, a true and correct copy of the foregoing and/or attached was served on each attorney of record or party in accordance with **Federal Rule of Civil Procedure 5(b)** and/or by **E-File Delivery** as follows:

Adam Q. Voyles
Lubel Voyles, LLP
5020 Montrose, Suite 800
Houston, Texas 77006
**Via ECF**

/s/ Michael F. Hord, Jr.
Michael F. Hord, Jr.