IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LSF7 NPL V TRUST, et al., § | |
| § | |
| Plaintiffs, § | |
| § | Civil Action No. 3:12-CV-1602-D |
| VS. § | |
| § | |
| FLAGSTAR BANK, FSB, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this removed case, the court must determine whether a New York choice-of-law provision requires the dismissal of plaintiffs' claim under Texas law for attorney's fees. The court must also decide whether defendant is entitled to a more definite statement under Fed. R. Civ. P. 12(e). Concluding that New York law governs plaintiffs' claims, the court dismisses their claim for attorney's fees under Texas law, but it permits plaintiffs to replead. The court denies defendant's motion for a more definite statement.

I

Plaintiffs LSF7 NPL V Trust and LSF7 Bermuda NPL V Trust (collectively, "LSF") entered into a Mortgage Loan Purchase and Warranties Agreement ("Agreement") with defendant Flagstar Bank, FSB ("Flagstar"). Under the terms of the Agreement, Flagstar made certain representations and warranties regarding the mortgage loans sold to LSF. Flagstar agreed that if a mortgage was in breach of the representations and warranties in the Agreement, Flagstar would repurchase the mortgage after being given notice and an

opportunity to cure. Pet. ¶ 10.

LSF alleges that, after acquiring the mortgage loans under the Agreement, it discovered through its loan servicer that several loans were in breach of the representations and warranties in the Agreement. LSF maintains that Flagstar failed to cure the breaches and that it holds mortgage loans that do not comply with the terms of the Agreement. LSF asserts that "there are additional Mortgage Loans that Flagstar has previously agreed to repurchase, but has yet to do so." Pet. ¶ 15. Flagstar sued LSF in Texas state court, alleging claims for breach of contract and breach of warranty and seeking, *inter alia*, attorney's fees under Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (West 2008).

After Flagstar removed the case to this court, it filed the instant motion to dismiss the attorney's fee claim under Rule 12(b)(6). Flagstar maintains that the Agreement's New York choice-of-law provision controls and that LSF cannot recover attorney's fees under Texas law. Flagstar also moves for a more definite statement under Rule 12(e). It maintains that LSF has failed to state, for each loan that allegedly does not comply with the Agreement, what remedy it is seeking, including the amount of monetary damage. Flagstar posits that, as to the "additional Mortgage Loans," LSF's complaint is vague and ambiguous because it fails to identify any specific loan that LSF agreed to repurchase but did not. LSF opposes the motions.

II

The court begins with Flagstar's motion to dismiss LSF's claim for attorney's fees.

A

In deciding Flagstar's motion, the court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive Flagstar's motion, LSF must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted).

B

The court determines as a threshold matter which state law applies to LSF's breach of contract and breach of warranty claims. When deciding matters of state law, "a federal court must apply the choice-of-law rules of the state in which it sits." *Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 452 n.2 (5th Cir. 2001) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). In this case, therefore, the court must look to the Texas choice-of-law rules. "Under the Texas rules, in those contract cases in which the parties have agreed to an enforceable choice of law clause, the law of the chosen state must be applied." *Resolution Trust Corp. v. Northpark Joint Venture*, 958 F.2d 1313, 1318 (5th Cir. 1992) (citing *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 678 (Tex. 1990)).

Here, the Agreement[1] provides "[t]his Agreement and any claim, controversy or dispute arising under or related to this Agreement shall be governed by and construed in accordance with the laws of the State of New York[.]" Pet. Ex. A at 15. Because Texas choice-of-law rules require this court to enforce the choice-of-law clause in the Agreement, New York law governs the claims LSF has pleaded, including the remedies for these claims. Accordingly, LSF cannot recover attorney's fees under Tex. Civ. Prac. & Rem. Code Ann. § 38.001. It must instead plead a basis for the recovery of attorney's fees under New York law. Because it has not done so, pleading only the Texas Civil Practice and Remedies Code

---

[1] LSF attached a copy of the Agreement to its state court petition. "In deciding a motion to dismiss the court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) (citation omitted).

as the basis for its attorney's fees claim, the court grants Flagstar's motion to dismiss this claim.

C

Although the court is dismissing LSF's claim under Texas law for attorney's fees, it will permit LSF to replead. *See In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." (internal quotation marks and citation omitted)). Because there is no indication that LSF cannot, or is unwilling to, cure the pleading defects the court has identified, the court grants it 30 days from the date this memorandum opinion and order is filed to file an amended complaint.[2]

III

Flagstar also moves under Rule 12(e) for a more definite statement.

A

Rule 8(a)(2) requires that a complaint set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the Rule is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). This enables the defendant to prepare a

---

[2]In doing so, the court suggests no view on whether LSF can recover attorney's fees under New York law. That question is not now before the court.

responsive pleading.  If the complaint is "so vague or ambiguous that the party cannot reasonably prepare a response," the party may move for a more definite statement of the claim against it.  Rule 12(e).  In general, "motions for a more definite statement are generally disfavored." *Russell v. Grace Presbyterian Vill.*, 2005 WL 1489579, at *3 (N.D. Tex. June 22, 2005) (Solis, J.) (citing 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1377 (2d ed.1990)).  The question whether to grant a motion for a more definite statement is "within the discretion of the trial court." *Id.* (citing *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959)).

B

Flagstar argues that it cannot frame a response to LSF's state court petition because it is unable to ascertain the remedy sought as to each referenced loan.  It also posits that the general reference to "several Mortgage Loans" in ¶ 15 is vague and ambiguous.

LSF has stated its claims with sufficient specificity to permit Flagstar to frame a responsive pleading.  In other words, the allegations of the petition are not so vague that Flagstar is unable to admit or deny them.  "When a defendant is complaining of matters that can be clarified and developed during discovery, not matters that impede his ability to form a responsive pleading, an order directing the plaintiff to provide a more definite statement is not warranted." *Brown v. Whitcraft*, 2008 WL 2066929, at *1 (N.D. Tex. May 15, 2008) (Fitzwater, C.J.) (citing *Arista Records LLC v. Greubel*, 453 F.Supp.2d 961, 972 (N.D. Tex. 2006) (Means, J.)).  The additional information Flagstar seeks can be developed in

discovery, and its absence does not impede its ability to frame a responsive pleading. Accordingly, the court denies Flagstar's motion for a more definite statement under Rule 12(e).

* * *

For the foregoing reasons, the court grants Flagstar's June 5, 2012 motion to dismiss but denies the motion for a more definite statement under Rule 12(e). The court grants LSF 30 days from the date this memorandum opinion and order is filed to file an amended complaint.

**SO ORDERED.**

September 6, 2012.

 

_____
SIDNEY A. FITZWATER
CHIEF JUDGE